Our last case for argument this morning is United States v. Wilson. Judge, I'm having a problem with my camera, apparently. Just so long as you do not appear as a cat, do not appear as a cat, right? Yes, ma'am. Yeah, we want that. All right. Okay, we're ready to hear from the appellate. May it please the court. Your Honor, my name is Neil Kirkpatrick, I represent the appellate in this case. I am going to be mercifully brief because it's been a long morning for all of us, although I've listened to some fine arguments this morning. This case arose out of the amateurish botched robbery of a radio shack in Broken Arrow, Oklahoma. It resulted in some very serious charges for the appellant and his comrades in this robbery. And in any event, we are now in the weeds of discussion regarding the categorical approach to certain statutes, particularly ones in enhancing sentences. What actually happened in this case was that the appellant and his comrades robbed the radio shack in Broken Arrow. And the appellant, well in any event, he was charged with conspiracy to commit robbery, attempted robbery in violation of 18 U.S.C. 1951 and 2A, possession of a firearm and furtherance of a violent crime, that is attempted robbery as specified in count two. Now the issue is whether or not the attempted robbery, whether or not the possession of a firearm in a violent crime can be applied to enhance the sentence in count two of this case, which is the Hobbs Act robbery. There was a rather convoluted pretrial. The defendant wound up pleading guilty. And anyway, this court is now permitted, after the Davis opinion in the Supreme Court, this court is now permitted to consider these cases, determine whether or not the sentence should be enhanced. Davis held that the second clause of 18 U.S.C. 924C is the so-called residual clause. And Davis held that the residual clause is unconstitutionally broad. In this case, we're dealing with an attempt to commit robbery, commit Hobbs Act robbery. And the question becomes whether or not the residual clause of 924C is going to suffice to allow- I thought we were beyond that. We know that residual clause doesn't apply and we need to look at the elements clause, don't we? Isn't that where we are? Well, that's correct, Judge. If this case can't be decided under the elements clause, then we fail. We submit that the elements of 924C are, of course, the possession of a firearm while in the commission of a felony. I mentioned before that this case is deep in the weeds of the categorical approach to these things. In the ordinary case, the court would examine the statute at issue here with the categorical approach. And what happens when we do that? Well, you have to decide certain things. The categorical approach would be that you have to- We have to determine whether or not we're looking at a crime of violence. That is, does it have an element, as an element, the use, attempted use, or threatened use of physical force against the person or property of another? That's correct, Judge. In this case, the attempted, the question is whether or not an attempt is going to satisfy those elements. We submit that the attempt does not. An attempt under the law is defined as a person possessing the intent to commit a crime combined with an act in furtherance of the crime. Now, I think the question is that if a person can commit an attempt, attempted in this case, without the intent to use force, in other words, if- I think your brief, the way I'm reading your brief, it suggests that you could commit an attempted Hobbs Act robbery with an intent to use a threat. Maybe you could write a note and have a threat on it, but you don't actually use it. You don't actually- the threat's not actually communicated. You take other steps that are substantial steps, and I think you mentioned reconnaissance-type efforts. You take those types of steps, but you don't actually communicate the threat. That's the way I read your brief, anyway. Well, that's right, Judge, and that's the way I intended you to read it. In this case, I don't think that the communication- well, in this case, there was no real force. I think it's pretty hard to say that. No, you're right. A number of people at gunpoint tied them up and took their money and their belongings and left with their car. I think there's a lot of force going on. I think, obviously, here, we cannot look at the underlying facts. We have to look at the elements, so we're back to the attempt, and does that satisfy a crime of violence? I don't think so, Judge. It's our position that it does not, because an attempt need not necessarily involve violence at all. But isn't the attempt, when you read the charge here, isn't the attempt tied to the substantive crime? It's just not an attempt out there by itself. It was an attempt with the intent to commit the substantive crime, and we know the substantive crime is a violent felony. Well, that's true, Judge. Your Honor, I'm going to have to stand on my brief. Okay. We will hear from the government. May it please the court, Thomas Duncombe for the United States. The government wins this appeal for two reasons. First, attempted Hobbs Act robbery is a crime of violence under Section 924C. Second, Wilson cannot overcome the procedural default of failing to raise his Davis claim on direct appeal, because he cannot show actual innocence of both 924C charges that were brought against him. We know that attempted Hobbs Act robbery is a crime of violence because of what we know about attempt law, what we know about robbery law, and what we know about congressional intent. First, what we know about attempt law. In Rinker, a panel of this court held that attempted federal bank robbery, which can also be committed by threats like attempted Hobbs Act robbery, is categorically a crime of violence under 924C3A. And that makes sense, given what we know about federal attempt law. And here, Judge Briscoe, I would go back to what you just brought up, which is absolutely correct. Attempt is not out there by itself, untethered to the elements of the statute. It's an attempt to commit a substantive crime. So, Taylor is incorrect when it says that the crime could be committed by attempt to threaten. It's an attempt to take property from the person of another by force or threat of force. To commit an attempt crime, a person must have the intent to commit every element of the underlying crime and they must undertake an overt act that constitutes a substantial step toward completing the entire offense. Why isn't reconnaissance, and we've held, I think the Pritchard case is one, I don't know that you cited it, where reconnaissance, two weeks observing a bank, preparing a sketch of the bank, following a bank employee home, assembling instruments to commit the crime, going to the bank manager's house, that sort of thing. It's all preparation and that was considered enough to be a substantial step in Pritchard. Why do we have to have actual, for instance, communication of a threat? Well, I don't think that you have to have actual communication of a threat, but you have to have the violence inherent in the crime of robbery as the object of the intent here. And so, with respect to all the cases that are from the 1970s or the 1980s that have been cited by Mr. Kirkpatrick or there was one 1984 case that was cited in the Taylor opinion, first of all, it's noteworthy that we have to go back 30 or 40 years to find a case that even comes close to satisfying an attempt using threats. But in all of those cases, they're not 924C cases. And that's significant because the question here is whether we're going to be imposing an additional penalty on someone for brandishing, discharging, or using a firearm in furtherance of a crime of violence. And while it is theoretically possible that one could conduct reconnaissance and buy tools as part of one's preparatory steps, but ultimately as part of one's completed attempt defense, if you got close enough and you had the intent to commit the completed crime, it would be difficult, if not impossible, to envision how one could brandish a firearm in furtherance of doing reconnaissance on a bank, or how one could brandish a firearm in furtherance of gathering tools or picking out your mask or talking about the plans. In fact, the imagined hypothetical in Taylor, where it's gathering supplies, where it's talking with co-conspirators, that actually sounds more akin to a Hobbs Act conspiracy than a Hobbs Act attempt, because an attempt, as we know, is distinct from a conspiracy under the Hobbs Act, requires an overt act. The 11th Circuit in Hubert has said, to constitute substantial steps, the defendant must do more than merely plan or prepare for the crime. He or she must perform an objectively culpable and unequivocal act toward accomplishing the crime. And this court has said something very similar in Faulkner, which is, an attempt is an act adapted to, approximating, and which in the ordinary and likely course of things will result in the commission of a particular crime. And if you look at Dominguez and Walker and several of the other cases that we've cited in our brief and in our 28-J letter, common sense tells us that a defendant who specifically intends to use violence and then takes a substantial step toward that use, has, by definition, attempted a violent crime. And that's pretty much a direct quote from Dominguez, but it's the same reasoning as in Walker and as in Thrower, the 2nd Circuit case, and as in Hill and Ingram from the 7th Circuit. And if you look at the 10th Circuit jury instructions, it supports that. The substantial steps the jury instructions in this circuit tell us must unequivocally mark the defendant's acts as criminal. Now, when you combine that with what we know about robbery, it makes it even more clear that this particular attempted crime of violence is itself a crime of violence. And what we know about robbery is that it's inherently violent. Robbery is inherently violent whether committed by threats or whether committed by a forceful act. This court in Harris said that. The Supreme Court in Stokely said that. In Harris, this court said, robbery is distinct from larceny because of the, quote, violence inherent in taking property from the person of another against his will, end quote. So, yes, Melgar Cabrera said that the force has to be violent force for robbery, but also robbery in and of itself, whether committed by force or threats, is violent. And I'll note that we didn't cite this case, but in one of the cases cited by the appellant, Bowen, in distinguishing the force required to commit witness retaliation with robbery, this court said, it's easy to imagine any number of actions that damage property, but do not have the same inherent violence as overcoming the will of a robbery victim. And that was Bowen at 936 Fed Third at page 1107. Which brings me to congressional intent, because we know that in conducting the categorical approach, this court and all courts have been instructed by the Supreme Court that we need to avoid construing a statute in a way that renders most of the crimes it was intended to cover inoperable. We know that robbery is a bedrock crime of violence. Stoeckling tells us that it may be the quintessential crime of violence. And in enacting 924C, at least the version that was enacted in 1984 that made it a separate substantive offense, or made it clear that it was a separate substantive offense, there were only two crimes mentioned in the 1984 Senate report. One of them was robbery. And attempt crimes, as Walker shows us, and as some of the other cases show us, are explicitly included in 924C3. And it's worth pointing out that when the purpose of 924C3 is to deter criminals from bringing crimes to potentially violent scenes, the deterrent effect on an attempted robber is exactly the same as the deterrent effect on an actual robber. Because at the time, before the crime, when the robber is thinking about bringing the gun to the crime or not, the mens rea is exactly the same. The mens rea is to intend to commit the completed crime of robbery. And yes, contrary to what Taylor said, common law robbery includes robbery by force and threat of force. And therefore, interpreting the statute in the manner that the appellant would like this court to interpret it, and in the manner that Taylor interpreted it, would exclude most attempt offenses from qualifying, even though Congress specifically said we want to include attempt offenses. I want to make sure that I address the procedural default question. The appellant cannot raise a claim in a 2255 petition that he could have raised in a direct appeal unless he can show cause and prejudice or actual innocence. Mr. Wilson cannot show either. He can't show cause for cause and prejudice because the argument that the residual clause of 924C3 is invalid was as available to Wilson in 2013 when he was sentenced in this case as it was to Mr. Davis, who succeeded before the Supreme Court just a few years later. It's not cause. So you're saying his counsel could have made the same argument that counsel made in Davis? Yes. And haven't we in other cases, and I think even the Supreme Court said, well, that doesn't count in this particular instance. We are going to conclude that this is such a big change in law that there's no cause. Cause is not applicable. Well, Your Honor, in Bowsley, the Supreme Court instructs that it's not acceptable to say that that particular argument would not have been acceptable to a particular court at that particular time. And it's noteworthy that there were numerous challenges to residual clauses, not only in 924C, but the residual clause in the ACCA, which is identical or very similar, all around the time that Mr. Wilson was sentenced. So the argument was available and he can't show actual innocence because as Bowsley tells us, you have to show not only actual innocence of the crime you're challenging, but you have to show actual innocence of an equally as serious crime that was dismissed as a result of a plea bargain. Judge Posner pointed out in Lewis that Bowsley applied to crimes that were as serious that were dismissed as a result of a plea bargain. And this court's decision in Powell shows that counts that were dismissed as a result of a plea bargain that were as serious are ones that qualify under the Bowsley rule. And in fact, in Powell, it was even stronger than in this case, or this case is even stronger than Powell, excuse me, because in Powell, the count that was dismissed as a result of the plea bargain was an eight years to, excuse me, five years to 40 years mandatory minimum drug offense, whereas the count that was challenged was a 924C five years to life offense. So it's true that the drug offense that the government agreed to dismiss in plea negotiations was as serious in that it had the same mandatory minimum. It was arguably less serious than the 924C. So here, just like as in Bowsley, which also involved two 924C charges, by the way, as in Powell and as in Lewis, Mr. Wilson cannot show that he is actually innocent of both of those 924C charges. And I do want to address the fact that the government did not raise that argument below. But number one, this court can decide, can affirm on any ground that even those that were not mentioned below, and number two, the factual record on this issue is fully developed because the factual record that matters is the factual record from Mr. Wilson's change of plea hearing. And the affirm on any reason is the idea of other, he is having to show innocence on other dismissed counts. Is that the other, what's the theory? Well, yes, the theory is that he cannot show cause and prejudice or actual innocence for failing to raise this argument in direct appeal. So this court can affirm the judgment of the district court, which dismissed as well as denied Mr. Wilson's 2255. And in addition, in terms of trying to prevent a windfall to a defendant, which is what Bowsley tries to make sure we avoid. This case is a particularly good candidate for trying to avoid a windfall because as Judge Briscoe stated during Mr. Kirkpatrick's argument, Mr. Wilson did in fact commit, completed Hobbs Act robbery and completed carjacking in this case. So if there are no other questions, then I'll see the remainder of my time and ask that the court affirm the district court's decision. Thank you. Anything further, Mr. Kirkpatrick? No, Your Honor. All right. Thank you both for your arguments. The case is submitted.